This memorandum opinion was not selected for publication in the New Mexico Appellate Reports. Please see Rule 12-405 NMRA for restrictions on the citation of unpublished memorandum opinions. Please also note that this electronic memorandum opinion may contain computer-generated errors or other deviations from the official paper version filed by the Court of Appeals and does not include the filing date.

# IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

**DENISE C. ARMENTA,**

Petitioner-Appellee,

v.                                                                          **NO. 32,174**

**PAUL MAESTAS,**

Respondent-Appellant.

**APPEAL FROM THE DISTRICT COURT OF SANDOVAL COUNTY**
**John F. Davis, District Judge**

William A. Deraad
Albuqeurque, NM

for Appellee

Paul Maestas
Albuquerque, NM

for Appellant

**MEMORANDUM OPINION**

**CASTILLO, Chief Judge.**

Appellant, pro se, appeals the district court's order modifying his child support obligation. We issued a notice of proposed summary disposition proposing to affirm on August 1, 2012. Appellant has responded with a timely memorandum in opposition that we have duly considered. We remain unpersuaded, and we therefore affirm the district court.

In our notice of proposed summary disposition, we noted that Appellant generally challenged all of the findings made by the child support hearing officer (CSHO), but did not provide a complete recitation of all the evidence and testimony presented at the modification hearing. [CN 2-3] Although the CSHO made findings relating to the cost of car insurance for the children, the cell phone plan, and the timesharing arrangement, Appellant only provided a recitation of testimony related to the timesharing arrangement. [RP 414-415] *See* Rule 12-208(D)(3) NMRA (stating that the docketing statement shall contain a concise statement of the facts relevant to consideration of the issues raised). Appellant also asserted that he had a transcript of the proceedings prepared. [DS 3] We noted that Appellant did not appear to be seeking to bring the transcript before this Court. [CN2]

Appellant then filed a motion to accept the transcript, which was denied by the Clerk of the Court. In his memorandum in opposition, Appellant asserts that all relevant facts were provided in the docketing statement. [MIO 2-3] We therefore

proceed to address the merits of the appeal. The only issue specifically argued by Appellant is that the CSHO erred in relying on the timesharing plan outlined in the parties' 2008 Worksheet B to calculate child support. Appellant argues that the evidence was undisputed that the 209 days with Mother and 156 days with Appellant noted in the 2008 Worksheet B did not reflect the actual amount of time spent with each parent. Appellant argues that the CSHO should have relied on the equal timesharing arrangement outlined in the 2008 parenting plan. [MIO 4-10]

We review the district court's decision as to child support for abuse of discretion. *See Klinksiek v. Klinksiek*, 2005-NMCA-008, ¶ 4, 136 N.M. 693, 104 P.3d 559; *see also Gardner v. Gholson*, 114 N.M. 793, 801, 845 P.2d 1247, 1255 (Ct. App. 1992) (stating that abuse of discretion is found only where the district court's decision is contrary to logic and reason). The CSHO's findings state that there was conflicting testimony on the timesharing issue. Appellant testified that the children spent equal time with both parents as contemplated in the original parenting plan. Mother testified that the time varied from year to year due to Appellant's work schedule. [RP 414] The CSHO also found that, although the parties disagreed over the amount of time, they both agreed that days designated in the 2008 worksheet was a number that the parties negotiated for the purposes of calculating child support. [RP 414-415] The CSHO determined that neither party presented persuasive evidence regarding the

3

number of days the children spent in each home, and the numbers negotiated by the parties and outlined in the 2008 agreement would remain in force. [RP 415]

We find no abuse of discretion. In the absence of persuasive evidence that there was a substantial change in circumstances regarding the amount of time the minor children spent in each parent's home, the CSHO was not required to depart from the terms of the original agreement in calculating child support. *See Mintz v. Zoernig*, 2008-NMCA-162, ¶ 18, 145 N.M. 362, 198 P.3d 861 (stating that in order to modify a child support order, a substantial change in circumstances must be shown). Appellant argues Mother had the burden to show a material change in the timesharing arrangement. [MIO 7-8] However, based on our review of her motion to modify child support, Mother was not seeking a child support modification based on a material change in circumstances with regard to the timesharing arrangement. Rather, the sole basis for Mother's petition to modify child support was the change in the parties' income that resulted in a statutory presumption of changed circumstances. *See* NMSA 1978, § 40-4-11.4(A) (1991) (stating that there shall be a presumption of material and substantial changes in circumstances if application of the child support guidelines would result in a deviation upward of more than twenty percent of the existing child support obligation). [RP 396-397] Mother's motion alleges that the timesharing arrangement outlined in the 2008 Worksheet B reflected the actual time the children

spent with each parent. [RP 397] We therefore reject Appellant's argument that Mother had a burden to show a material change in circumstances with respect to the timesharing arrangement.

For these reasons, we affirm the district court.

**IT IS SO ORDERED.**


_____
**CELIA FOY CASTILLO, Chief Judge**

**WE CONCUR:**


_____
**JONATHAN B. SUTIN, Judge**


_____
**LINDA M. VANZI, Judge**